CLOVERDALE SPRING COMPANY, Plaintiff, *v.* EDWARD RISEDORPH, Doing Business under the Firm Name and Style of the RISEDORPH BOTTLING COMPANY, Defendant.

Supreme Court, New York County, June 14, 1932.

*Lorenz & Lorenz [Joseph Lorenz* and *John F. X. Finn* of counsel], for the plaintiff.

*Marvin & Bergh [Louis O. Bergh* of counsel], for the defendant.

COTILLO, J.   The plaintiff is a Maryland corporation organized in 1922, and is engaged in the manufacture and sale of carbonated beverages.   It uses as its trade-mark a green clover leaf, and has named its products " Cloverdale."

The defendant is also engaged in the manufacture and sale of carbonated beverages similar to those of the plaintiff, and uses as a trade-mark a gold clover leaf, and the name " Clover Club " is attached to its products.   A green clover leaf had been used as a trade-mark by immediate predecessors of the plaintiff for many years prior to 1897.   This action is brought to restrain the defendant from using the name " Clover Club " and also to prevent the use of the clover leaf or any similar design in connection with the marketing or sale of ginger ale and other carbonated beverages.   The basis of this suit is the alleged use by the defendant of the name " Clover Club " and the design of its products in such a manner as to infringe upon the rights of the plaintiff and to constitute unfair competition. The plaintiff, it is alleged, does an annual business of approximately $500,000, involving the sale of approximately 5,000,000 bottles annually, and this business is transacted in twenty-seven States of the United States.   It does its business primarily through wholesalers who distribute the goods directly to the retailers in their respective territories.   Each distributor has a large number of salesmen; the radius of each distributor is from twenty-five to one hundred miles from the center of its distributing point.   The plaintiff has twenty-seven distributors or wholesalers in the State of New York, situated all the way from Buffalo to the city of New York, and the volume of its sales in this State alone for the year 1931 was $121,000.   Plaintiff has carried on an extensive advertising campaign for years, and in the year 1931 spent the sum of $75,000.   It also ranks among the first four or five shippers of ginger ale or carbonated beverages in the United States, and it enjoyed this rank prior to 1926 when the defendant commenced his operations.

The name " Cloverdale " was registered in the Patent Office in Washington during the year 1918 by one of the predecessors of the plaintiff.

In 1926 the defendant commenced to use the name " Clover Club " and also the design of the clover leaf on his products, registering the

name " Clover Club " in the Patent Office. The registration of both the name " Cloverdale " and " Clover Club " is still in force. The defendant is in business in Kinderhook, N. Y., where he too has been doing business for a considerable number of years. His business, however, is local and does not cover the wide territory of the plaintiff. The plaintiff's main grievance is that the name " Clover Club " is an infringement on the name " Cloverdale," and, coupled with the use of the clover leaf by the defendant, it results in unfair competition with its products and the temptation by careless and unscrupulous dealers to substitute for plaintiff's products one with a similar name.

Defendant has offered to withdraw the clover leaf from its label and substitute therefor a clover flower. But plaintiff contends that this will not cure the possibilities of confusion and substitution.

In deciding a case of this character, it is not always safe to generalize from what has been held to infringe or not to infringe in other classes of merchandise. Considerable attention must be given to the customs and practices of the ultimate consumer of the given type of article. In goods that are displayed, with the main appeal to the eye, the label and its get-up is perhaps as important a feature as the name itself, and even a slight resemblance of names in such a case may entitle the prior user to relief. But in goods called for by name the label plays only a secondary part. There the similarity in sound of the two trade-marks, even with an utter difference of labels, may constitute infringement. This thought is thus expressed in *Hier* v. *Abrahams* (82 N. Y. 519, 524). " But where the trade-mark consists of a word, it may be used by the manufacturer who has appropriated it, in any style of print, or on any form of label, and its use by another in any form is unlawful. The statute requires only that the imitation should be either the same to the eye, or in sound to the ear as the genuine trade-mark, and this accords with the authorities. The goods become known by the name or word by which they have been designated, and not merely by the manner or fashion in which the word is written or printed, or the accessories surrounding it, and the unlawful use of the name or word in any form may be restrained."

In that case defendants were restrained from using the trade-mark " Pride of Syracuse " on cigars in violation of plaintiff's trade-mark " Pride." In the instant case, defendant's " Clover Club " is claimed to be an infringement of plaintiff's " Cloverdale." The similarity of sound is striking, and, considering the usages of the ultimate purchase in this line of trade, the possibilities of palming off one kind of " Clover " for another are great. The less unwary purchaser glancing at the label and seeing a clover leaf on it, would

feel satisfied. A casual inspection of the label might satisfy him as to the correctness of his choice. But the primary test would be the name, and the characteristic part in the trade-mark of each of the contending parties is undoubtedly the word "Clover." In the beverage business the decorative effects on the labels are merely secondary. This plaintiff would not have very serious ground for the complaint if the defendant used the decorative effect of a clover leaf on a label bearing a different name. But, where defendant uses a name so similar to plaintiff's as to tempt an unscrupulous dealer to substitute the infringing product for the other, saving his face with the customer on the excuse that his ears have deceived him, such defendant should be restrained.

Nothing that was said in *Coca-Cola Co.* v. *Carlisle Bottling Works* ([C. C. A.] 43 F. [2d] 119) is in conflict with what has been expressed here. In that case the court held that "Roxa-Kola" did not infringe upon "Coca-Cola" for the interesting reason that the characteristic name of the latter was so indelibly impressed upon the ultimate consumer that he could not be deceived by the other names. But another important reason that swayed the court was that plaintiff had acquiesced in defendant's use of the name with proper precautions against substitution.

Plaintiff will, therefore, have a decree restraining defendant from using the name "Clover Club" in connection with its beverages. Submit findings and judgment on notice.